**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Tha I.,<br><br>Petitioner,<br><br>v.<br><br>Todd Blanche, Attorney General; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; David Venturella, Acting Director, Immigration & Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration & Customs Enforcement; and Joel Brott, Sheriff, Sherburne County,<br><br>Respondent. | Case No. 26-cv-3516 (LMP/DLM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Tha I. is currently in custody as proceedings to remove him from the United States go forward. Petitioner was brought into custody through an arrest supported by an administrative "Form I-200" warrant, which authorizes a non-citizen's arrest for purposes of effectuating removal proceedings against the non-citizen. "The regulation permitting use of the Form I-200 administrative warrant is clear that the authority to issue the warrant arises from the issuance of a Notice of Appear with respect to the non-citizen; absent a Notice to Appear having been issued, no Form I-200 warrant can be issued." *Alex N. v. Blanche*, No. 26-CV-3088 (LMP/DTS), 2026 WL 2427834, at *1 (D. Minn. Aug. 12, 2026) (citing 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent

may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest.”)).

In Petitioner’s case, as in the case of countless other detainees who have recently sought habeas corpus relief in this District, the Notice to Appear on which the Form I-200 warrant was supposedly based did not issue until *after* the warrant had been issued. *See* Decl. of Cameron Holmes (“Holmes Decl.”) Ex. B (Doc. 7-2) (Form I-200 Warrant); Holmes Decl. Ex. C. (Notice to Appear) (Doc. 7-3). On July 15, 2026, a Form I-200 warrant was issued asserting that there was probable cause to arrest Petitioner. (Doc. 7-2 at 1.) The Notice to Appear was not issued until the following day. (Doc. 7-3 at 1.)

Petitioner, like many other detainees before him, argues that because the Form I-200 Warrant was not validly issued, the arrest based on that warrant was unlawful—and because the arrest was unlawful, he should no longer be detained as the removal proceedings go forward. The government was directed to respond to the habeas petition, which it has done. (Doc. 6.) Petitioner was given an opportunity to reply to the government’s response, but he has not submitted a reply, and the deadline for doing so has now passed. After a review of the habeas petition, the government’s response to the petition, and the exhibits submitted in this case, this Court concludes that Petitioner is entitled to habeas corpus relief and recommends that the habeas petition be granted.

The government presents three arguments opposing the granting of habeas relief. First, the government argues that the Form I-200 warrant was valid, notwithstanding the fact that it was issued prior to the Notice to Appear having been issued. Second, the government argues that even if the Form I-200 warrant was not validly issued, there was a

lawful basis upon which to arrest Petitioner without a warrant. Third, the government argues that even if the Petitioner was unlawfully arrested, he cannot pursue that claim in a habeas corpus proceeding challenging his detention. This Court rejects all three arguments.

The government's defense of the Form I-200 warrant itself is rather tepid. The government notes, correctly, that the warrant was not served on Petitioner until the day on which the Notice to Appear was issued. But "service of the warrant is not the relevant issue." *Alex N.*, 2026 WL 2427834, at *1. "The temporal aspects of [the regulatory] language are clear: an arrest warrant may be issued '[a]t the time of issuance' of the Notice to Appear or 'thereafter.' Not 'before.'" *Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927 (S.D. Iowa Jan. 2, 2026) (citing 8 C.F.R. § 236.1(b)(1)). The evidence in this matter establishes—and the government acknowledges that the evidence establishes—that no Notice to Appear had been issued at the time that the Form I-200 warrant had been issued. The Form I-200 Warrant was therefore invalid and cannot have served as a lawful basis for Petitioner's arrest.

The Court now turns to the government's assertion that a warrantless arrest was permitted. Federal law expressly permits an immigration officer to effect a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The government contends that even if the Form I-200 warrant was unlawful, a lawful warrantless arrest of the Petitioner could have been carried out pursuant to § 1357(a)(2) because Petitioner would have been likely to

escape before a valid warrant could be obtained. But there is nothing in the record[1] to suggest that Petitioner was "likely to escape before a warrant can be obtained for his arrest," as § 1357(a)(2) requires. Indeed, at the time that the Form I-200 warrant was issued, Petitioner was in county jail on criminal charges, and he would remain in county jail until the following day (when he was taken into the custody of immigration officials). *See* Holmes Decl. ¶¶ 11-15 (Doc. 7). The Notice to Appear would also be issued the following day, and a lawful warrant could have been issued following the issuance of that Notice to Appear. Not only would Petitioner have been *unlikely* to escape during that intervening period, but he would have been *unable* to escape.

The government's final fallback position is that even if the Form I-200 warrant was invalid, and even if there was not a lawful basis to carry out a warrantless arrest, a habeas petitioner in immigration custody nevertheless cannot seek relief from his detention on the basis that his arrest was unlawful. Much of the case law cited by the government in support of its position concerns whether an unlawful arrest can serve as a basis for challenging the lawfulness of the underlying removal proceedings, which Petitioner is not seeking to do.[2]

---

[1] In the government's response to the Petition, it indicated "[n]o evidentiary hearing is necessary," reflecting its apparent view that the record presented is sufficient for the Court's decisional process. (Doc. 6 at 15.)

[2] The principal case cited by the government, *Arias v. Rogers*, 676 F.2d 1139 (7th Cir. 1982), is an exception, as *Arias* makes clear that the claim at issue concerned only the lawfulness of detention during the removal proceedings following an unlawful arrest, not the lawfulness of the removal proceedings. *Arias* is not binding authority, but even leaving that aside, this Court notes that the petitioners in *Arias* had already been released from detention within a few days of arrest. *See id.* at 1141. The Seventh Circuit, even in rejecting the petitioners' claim, appears to have viewed this release from detention as appropriate. *See id.* at 1144 ("Finally, we note the government's assurance at oral argument that the petitioners will not be rearrested before a final deportation order is issued. This is

In any event, "the weight of persuasive authority from this District supports that a habeas petitioner in removal proceedings may challenge an unlawful arrest, and release is the appropriate remedy." *Sorelys C.R.O. v. Blanche*, No. 26-CV-3859 (ECT/LIB), 2026 WL 2665657, at *2 (D. Minn. Sept. 10, 2026) (collecting cases). Indeed, it is doubtful that any other effective remedy is likely to be available to detainees in the position of Petitioner who have been subject to unlawful arrest.[3]

Because Petitioner has established that his arrest was unlawful, he must be released. *See Carlos L.V.B. v. Bondi*, No. 26-CV-0898 (JWB/DJF), 2026 WL 1231286, at *3 (D. Minn. Mar. 20, 2026) ("[F]or detention that lacks a lawful predicate, release is an appropriate remedy." (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008))). Should the habeas petition be granted (as recommended), that release should be ordered to be carried out without undue delay, and in any case within 48 hours of the granting of the habeas petition

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the United States Court of Appeals for the Eighth Circuit. In light of the liberty interest at issue in this proceeding, the Court exercises its discretion to alter the standard timelines for Respondents to file objections to this Report

---

an appropriate commitment in view of the questionable circumstances of the arrests and we expect the government to abide by it.").

[3] The government, citing "8 U.S.C. § 1983," does suggest in its briefing that immigration officers found responsible for an unlawful arrest can be sued for monetary damages. *See* Response at 9 (Doc. 6). But that provision does not exist, and 42 U.S.C. § 1983 applies only to state officials, not federal officials. It is not clear whether the government believes that other avenues for procuring monetary relief from the officers responsible for effecting the unlawful arrest are available to Petitioner or to other detainees in Petitioner's situation.

and Recommendation. *See* Local Rule 72.2(b)(1) ("A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*.") (emphasis added). Respondents must file any objection to this Report and Recommendation on or before October 14, 2026. Petitioner may file a response to any objections on or before October 21, 2026.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Tha I. (Doc. 1) be GRANTED.

2. Respondents be ordered to release Petitioner without undue delay, or in any case within 48 hours of the granting of the habeas petition.

Dated: October 7, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).