**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

THA I.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary of U.S. Department of Homeland Security*; DAVID VENTURELLA, *Acting Director of U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director of St. Paul Field Office Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*,

Respondents.

Case No. 26-cv-3516 (LMP/DLM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Tha I., pro se.

David R. Hackworthy, **United States Attorney's Office, Minneapolis, MN,** for Respondents.[1]

Petitioner Tha I.[2] filed a petition for a writ of habeas corpus alleging that Respondents (the "Government") have unlawfully detained him. *See generally* ECF No. 1. On October 7, 2026, U.S. Magistrate Judge Douglas L. Micko issued a Report and

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

[2] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any non-governmental parties in immigration cases. No disrespect is intended in doing so.

Recommendation ("R&R") recommending that Tha's petition be granted. ECF No. 9 at 5–6. The Government timely filed objections. ECF No. 10. Having considered the Government's objections, the Court adopts the R&R.

Tha is a native and citizen of Cambodia who entered the United States as a refugee on February 22, 1984. ECF No. 1 at 2; ECF No. 7 at ¶ 4; ECF No. 7-4 at 2. On July 15, 2026, Immigration and Customs Enforcement ("ICE") encountered Tha at the Mower County Jail. ECF No. 7 at ¶ 11–12. On July 15, 2026, the Government issued a Form I-200 warrant asserting there was probable cause to arrest Tha. ECF No. 7-2 at 1. The Government issued a Notice to Appear ("NTA") the following day, on July 16, 2026. ECF No. 7-3 at 1. On July 16, 2026, the Government served the Form I-200 warrant on Tha. ECF No. 1 at 2; ECF No. 7 at ¶ 15. The Government then transported Tha to Fort Snelling, where, after his arrival, the Government served the NTA on him. ECF No. 1 at 2.

Representing himself, Tha filed this petition on August 5, 2026. *See* ECF No. 1 at 1. The Government timely responded, ECF No. 6, and Tha did not file a reply. On October 7, 2026, Judge Micko entered the R&R, concluding that the Government unlawfully arrested Tha because it issued the NTA after it issued the Form I-200 warrant. ECF No. 9 at 2, 5. The Government timely filed objections to the R&R. ECF No. 10.

If a party timely objects to a magistrate judge's recommended ruling on a dispositive issue, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The portions of the R&R to which there are no timely and specific objections are reviewed for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

The Government concedes that it issued the NTA after the Form I-200 warrant, but it disputes that the timing of the Form I-200 makes the warrant invalid. ECF No. 10 at 2. But this Court and many other judges in this District have concluded otherwise. *See Alex N. v. Blanche*, No. 26-cv-3088 (LMP/DTS), 2026 WL 2434741, at *1 (D. Minn. Aug. 19, 2026); *see also Alejandro C. G. v. Blanche*, No. 26-cv-3117 (ECT/EMB), 2026 WL 2838175, at *2 (D. Minn. Sept. 22, 2026) (citation modified) (collecting cases for the proposition that "a Form I-200 warrant that precedes a Notice to Appear is invalid because it purports to exercise authority that does not yet exist").[3]

The Government urges the Court to disregard these prior decisions and decline to "apply a strict chronological sequence of events, when the focus should be on whether DHS possessed lawful authority to arrest." ECF No. 10 at 4. But that is precisely what the Court is focusing on. The Government's authority to arrest on an I-200 warrant is governed by 8 C.F.R. § 236.1(b)(1), which states that an arrest warrant may be issued "[a]t the time of issuance of the notice to appear, or at any time thereafter." The Government's own

---

[3] The Government points to *Richard Alexander C. C. v. Easterwood, et al.* to argue that the sequence of events does not matter. No. 26-cv 2137 (LMP/ECW), slip op. (D. Minn. May 4, 2026). But in *Richard Alexander C. C.*, the petitioner argued that his arrest was unlawful because, even though the warrant had issued prior to his arrest, the warrant was not served on him until a short while after his arrest. Whereas here, the warrant was invalid from the start as it was issued prior to the issuance of the NTA.

regulations dictate the appropriate sequence of events. "To be valid, then, a Form I-200 warrant must issue 'at the same time or after the Department of Homeland Security issues an NTA.'" *Alejandro C. G.*, 2026 WL 2838175, at *3 (citing *Jesus F. D.*, No. 26-cv-2486 (PJS/DTS), slip. op. at 5–6 (D. Minn. June 10, 2026), ECF No. 10). Any warrant that is issued before an NTA is, effectively, invalid. And the Government possesses no lawful authority to use it.

The Government argues that its authority to arrest Tha derives not from the NTA but from 8 U.S.C. § 1226(a), which states that, pursuant to a warrant, a noncitizen "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." ECF No. 10 at 2. The Government further argues that 8 C.F.R. § 236.1(b)(1) is best understood as a "description of general service of the I-200" rather than "a jurisdictional limitation on DHS's statutory arrest authority" under 8 U.S.C. § 1226(a). ECF No. 10 at 3. But no less authority than the Supreme Court has explained that an NTA is a "case-initiating pleading" that is "like an indictment in a criminal case" and "serves as the basis for commencing a grave legal proceeding." *Niz-Chavez v. Garland*, 593 U.S. 155, 163–64 (2021) (citation modified). Here, the Government did not issue the NTA until after the Form I-200 warrant. *See* ECF No. 7-2 at 1; ECF No. 7-3 at 1. It was a full day later. And that is fatal to the Government's case.[4]

---

[4] The Government also maintains its argument that "an immigration habeas petitioner cannot challenge their arrest in a habeas proceeding." ECF No. 10 at 2 n.1. The Court rejects this argument. *See Sorelys C. R. O. v. Blanche*, No. 26-cv-3859 (ECT/LIB), 2026 WL 2665657, at *2 (D. Minn. Sept. 10, 2026) (concluding "the weight of persuasive

For the reasons discussed above, under de novo review, the Government's objections to the R&R are overruled. And because the Court otherwise discerns no clear error in the R&R, *see Grinder*, 73 F.3d at 795, the Court adopts the R&R in full.

**ORDER**

For these reasons, and based on the files, records, and proceedings in this matter, **IT IS ORDERED** that:

1. The Government's Objections to the Report and Recommendation (ECF No. 10) are **OVERRULED**;

2. The Report and Recommendation (ECF No. 9) is **ADOPTED**;

3. Petitioner Tha I.'s habeas petition (ECF No. 1) is **GRANTED**;

4. The Government is **ORDERED** to release Tha I. from custody and with all personal property by no later than 5:00 p.m. on Monday, October 19, 2026;

5. The Government is **ORDERED** to file a status report certifying compliance with this Order by no later than 5:00 p.m. on Tuesday, October 20, 2026; and

6. If the Government seeks to retain Tha I.'s property, the Government's status report must include: (a) the property retained; and (b) the legal basis on which the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 16, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

authority from this District supports that a habeas petitioner in removal proceedings may challenge an unlawful arrest, and release is the appropriate remedy").